COX v. EARLY, FOSTER & CO.

(Court of Civil Appeals of Texas. Austin. Jan. 17, 1912.)

1. SALES (§ 153*)—TENDER.

That one who has sold five cars of potatoes tenders the invoices of six cars to the purchaser from which to select the five cars furnished no ground for refusal to accept.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. § 153.*]

2. SALES (§ 202*)—VESTING OF TITLE.

Title to potatoes which plaintiffs bought of M. and then sold to defendant vested in plaintiffs before they tendered them to defendant, so that defendant's refusal thereof was not justified on the ground of plaintiffs' lack of title, though M. in shipping the potatoes had sent orders therefor with drafts for the price attached to a bank, and plaintiffs had obtained the orders from the bank without paying the drafts, M.'s agent having thereafter, and before the tender by plaintiffs to defendant, actually delivered the potatoes to plaintiffs.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551; Dec. Dig. § 202.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Action by Early, Foster & Co. against C. H. Cox. Judgment for plaintiffs. Defendant appeals. Affirmed.

J. W. Cocke, for appellant. Spell & Sanford and D. C. Woods, for appellees.

RICE, J. This suit was brought by appellees, who were plaintiffs below, against appellant, to recover damages on account of his refusal to accept four cars of potatoes which he had purchased from them, alleging that defendant had previously entered into a contract with them to purchase five cars of seed potatoes, and that they thereafter tendered to him said five cars of potatoes, one of which was accepted by him and the others refused; that, upon his failure to accept said potatoes, they sold the same to the best advantage, and, after deducting expenses of such sales, that defendant was due them the sum of $681.41, with interest thereon, which was the difference between the contract price and the amount of said respective sales, less the expenses incident thereto. Defendant, after a general demurrer and general denial, contested plaintiffs'

right to recover on the ground that they did not have the possession nor ownership of the potatoes when tendered; second, that they tendered to defendant invoices for six cars of potatoes, instead of five, which he had agreed to purchase, and that certain of the cars of potatoes so tendered were in bad condition, having become frozen and rotten. And defendant further pleaded the existence of an established custom in the produce trade, in which both parties were engaged, to the effect that, where a contract is made for sale and delivery of certain number of cars of produce, the purchaser has the right to refuse any particular car when tendered not in compliance with the contract, and that, upon such rejection being lawfully made, the purchaser is under no legal obligation to accept other and different cars that may be thereafter tendered by the seller as in compliance with the order so made. The case was tried by the court without a jury, who filed his conclusions of fact and law, finding that plaintiffs had in all respects fully complied with their contract of sale to defendant, rendering judgment in their behalf for the sum of $647.66, with interest from March 19, 1907, from which judgment this appeal is prosecuted.

[1] The first assignment insists that the court erred in finding that plaintiffs had complied with their contract of sale on the ground that the evidence showed that they had tendered to defendant invoices for six cars of potatoes, when, in fact, he had only agreed to take five cars, thereby imposing upon him the duty of selecting the five cars from the six so tendered. The proof does show that plaintiffs tendered invoices to defendant for six cars of potatoes, requesting him to make a selection of the five therefrom. The facts show that, upon arrival of the invoices, the plaintiffs tendered defendant invoices for six cars, requesting him to select the five cars he had ordered from among them, and that thereafter, upon arrival of the cars at Ft. Worth, plaintiffs likewise tendered six cars of potatoes, which the evidence showed were in every respect in compliance with the potatoes contracted for, but the defendant, for various reasons, declined to accept the same, whereupon plaintiffs sold the potatoes for the best prices obtainable for the account of defendant, and brought this suit for the difference between the contract price and the amount so realized therefrom, less the expenses incident to such several sales.

We think no reasonable objection can be urged to the fact that plaintiffs tendered invoices for six cars to defendant, from which to select his five cars. If the tender in this case had been of a much greater quantity of potatoes in bulk and this fact had devolved additional labor and expense upon defendant in order to make his selection, then there might be some reason for his refusal to accept, based upon such facts; but the present case does not come within the reason of such rule, and furnishes no excuse for such refusal. See section 1158, Mechem on Sales and authorities there cited. Benj. on Sales, 1030, and notes; Lockhart v. Bonsall, 77 Pa. 53; Brownfield v. Johnson, 128 Pa. 254, 18 Atl. 543, 6 L. R. A. 48. It is said in 35 Cyc. 170: "A tender of a larger number of the specific kind of articles, with the proposal that the buyer shall select the number purchased, is a substantial offer of performance, if there is no material difference in the quality of the articles tendered." For which reason we think this assignment should be overruled.

[2] It is contended by appellant, under his second assignment, that the court erred in holding that plaintiffs had complied with their contract, and therefore rendering judgment against him, on the ground that the undisputed evidence showed that the title to none of said cars of potatoes vested in plaintiffs prior to the time that the tender of the same was made to defendant. It seems that the potatoes which plaintiffs tendered to defendant had been previously purchased by them from Albert Miller & Co. of Minneapolis, who had shipped the same, at plaintiffs' instance, to Ft. Worth, with orders attached to the drafts for the potatoes, which orders and drafts were sent to the Provident National Bank at Waco, said drafts being drawn on plaintiffs. Some of these orders appear to have been delivered to plaintiffs prior to the payment of the drafts to which they had been attached, it appearing from the testimony that a custom existed between the plaintiffs and the bank, whereby this had been permitted; but it further appears from the evidence that Albert Miller & Co., through their agent at Ft. Worth, before the cars were tendered by plaintiffs to defendant, had actually delivered the same to plaintiffs. This being true, notwithstanding plaintiffs had in the first instance obtained possession of the orders from the bank without the payment of the drafts to which they were attached, would, in our judgment, vest title to the potatoes in the plaintiffs, and therefore the defendant would have no right to complain on this score, for which reason this assignment is overruled.

We have duly considered each of the remaining assignments, and, believing they are without merit, overrule the same. Finding no error in the judgment of the court, it is in all things affirmed.

Affirmed.